Eleni Melekou
Pardalis & Nohavicka, LLP
950 Third Avenue, 11th Floor
New York, NY 10022
Telephone: 212-213-8511
Facsimile: 718-777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

| | |
|---|---|
| TYLER PRINCE BRANCH, ) | |
| ) | Civ. Case No. 1:22-cv-10146 |
| *Plaintiff*, ) | |
| ) | |
| -v- ) | |
| ) | **AMENDED COMPLAINT** |
| CASWELL-MASSEY LLC, ) | **JURY TRIAL DEMANDED** |
| CASWELL-MASSEY HOLDINGS, LLC, ) | |
| CASWELL-MASSEY NEW YORK, LLC, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

Plaintiff, TYLER PRINCE BRANCH ("Branch" or "Plaintiff"), an individual, by and through his undersigned attorneys, PARDALIS & NOHAVICKA, LLP, hereby alleges as follows against Defendants CASWELL-MASSEY LLC, CASWELL-MASSEY HOLDINGS, LLC, and CASWELL-MASSEY NEW YORK, LLC (collectively "Caswell-Massey" or the "Defendants").

## NATURE OF ACTION

1. Plaintiff brings this action for damages and injunctive relief against Defendants for the violation of his Right of Publicity by as a result Defendants' misappropriation and unauthorized use of Plaintiff's images, photos, video, likeness and persona (collectively, "Plaintiff's Rights") for commercial purposes.

1

2.     Defendants advertised, marketed, promoted, displayed, offered for sale their fragrance and personal care products by using Plaintiff's Rights ("Defendants' Advertisement") without Plaintiff's knowledge, authorization, or consent.

3.     Defendants' misappropriation and unauthorized use of Plaintiff's images, video, photos and likenesses, constitutes, at minimum: a) violation of California Civil Code § 3344, which prohibits the use of "another's name, voice, signature, photograph, or likeness ... for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent;" b) violation of Plaintiff's California common law right of publicity - commercial appropriation of Plaintiff's likeness to defendants' commercial advantage; and c) unjust enrichment.

4.     In addition to actual, punitive, exemplary damages and attorney's fees and costs, Plaintiff seeks an Order from this Court permanently enjoining Defendants from using Plaintiff's Rights to advertise, promote or otherwise offer for sale their products.

## THE PARTIES

5.     Plaintiff is a young, on-the-rise professional male commercial model of color with a strong reputation for his professional skills which are further reflected in the quality of the services that he offers.

6.     Plaintiff is an adult individual having his primary residence in Los Angeles, California.

7.     Upon information and belief, Defendant CASWELL-MASSEY HOLDINGS, LLC, is a corporation duly organized and existing under the laws of the State of Delaware, with offices and a principal place of business located in Manhattan, New York.

8.    Upon information and belief, Defendant CASWELL-MASSEY LLC, is a limited liability company, duly organized and existing under the laws of the State of Delaware, with offices located in Edison, New Jersey and New York.

9.    Upon information and belief, Defendant CASWELL-MASSEY NEW YORK, LLC, is a limited liability company duly organized and existing under the laws of the State of Delaware, with offices and a principal place of business located in Manhattan, New York.

10.   Upon information and belief, CASWELL-MASSEY HOLDINGS, LLC is the parent company of CASWELL-MASSEY NEW YORK, LLC and CASWELL-MASSEY LLC.

11.   Upon information and belief, CASWELL-MASSEY LLC, CASWELL-MASSEY HOLDINGS, LLC, CASWELL-MASSEY NEW YORK, LLC are affiliated.

12.   Upon information and belief, Caswell-Massey was founded in 1752 and, is a manufacturer of fragrance, soap, bath & body products, men's shaving products and toiletries and other assorted apothecary-style personal care accessories.

13.   Upon information and belief, Caswell-Massey is regarded as the fourth oldest continuously operating company in America and the oldest American consumer brand in operation.

## JURISDICTION AND VENUE

14.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is diversity between the parties and this matter involves a controversy in excess of $75,000.00, exclusive of interests and costs.

15.   Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, Defendants regularly conduct, transact or solicit business in New York

and in this judicial district, and/or derive substantial revenue from its business transactions in New York and in this judicial district and/or otherwise avail itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' unlawful actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise in this judicial district. Moreover, witnesses and evidence are located within this judicial district, and some of the acts complained of herein have taken place in this judicial district.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

17. Plaintiff is a young male professional commercial model. Since 2020, Plaintiff has participated in various television, social media, and print commercials, advertisements, campaigns, and editorials.

18. On or around March 18, 2021, Plaintiff was in Joshua Tree, California with a professional photographer, Mr. Tariq Demoie Bryan who uses the professional nickname Demoie Montego ("Montego").

19. Montego would conduct a professional photo shooting and film videos with Plaintiff that Plaintiff would later use to build his modeling portfolio and secure auditions.

20. Montego asked Plaintiff to film two short test videos of less than 30 seconds with Plaintiff in the shower using Caswell-Massey products or sitting on a couch holding a Caswell-Massey bar of soap.

21. Montego represented that he would only present the videos to Defendants and assist Plaintiff in entering into a deal with Caswell-Massey for Plaintiff's participation in Defendants' advertisements and promotion campaigns.

22. Plaintiff never heard back from Defendants on whether Defendants were interested in collaborating with Plaintiff or having a formal audition with Plaintiff.

23. Plaintiff never received any payment from Defendants for the filming of the video. Plaintiff's trip to Joshua Tree was unrelated to Defendants.

24. Plaintiff's understanding was that the video filmed by Montego was a mere test video for Plaintiff to secure a subsequent audition with Defendants. Under no circumstances, was Plaintiff's understanding that Montego would film Defendants' major advertising campaign for the promotion of their brand, business, and products.

25. Plaintiff never gave his actual or implied consent, permission, or authorization to Defendants to use his likeness, image, video and, in general, Plaintiff's Rights in Defendants' advertisements.

26. Plaintiff allowed Montego to film the video exclusively for audition purposes, namely, to attract Defendants' attention, secure a formal audition or enter into formal discussions with Defendants regarding Plaintiff's participation in Caswell-Massey commercial and promotional campaigns.

27. In or around February 2022, Plaintiff was shocked to discover that Defendants used Plaintiff's videos for their major advertising campaign without Plaintiff's knowledge, authorization, and consent (the "Advertisement").

28. Defendants placed Plaintiff's video, images, and likeness in a prominent position in Defendants' website and various Caswell-Massey social media accounts, such as on Instagram, Facebook, and YouTube.

29. Defendants distributed the Advertisement to major department stores throughout the United States. Plaintiff realized that the Advertisement was displayed in Macy's store in New York City and Macy's website.

30. In the beginning, Plaintiff was happy that a major national fragrance and self-care product company liked the videos with Plaintiff's Rights. Plaintiff attempted to negotiate in good faith his compensation with Defendants. However, Plaintiff soon realized that Defendants had no intention to pay Plaintiff for the commercial exploitation of Plaintiff's Rights in Caswell-Massey advertisement campaign.

31. Plaintiff contacted Defendants and informed them that he had not been aware that Defendants would use Plaintiff's Rights or that the filming of these videos was a campaign-type video shooting.

32. There was no single indication for Plaintiff that these short videos filmed for testing purposes would be exploited by Defendants, a major multi-million national brand, to promote their new product, the Woodgrain Sandalwood Soap.

33. Upon information and belief, Defendants generated significant revenues by publishing the Advertisement and using Plaintiff's Rights.

34. From February 2022 to date, Plaintiff has attempted on multiple occasions, and through counsel, to negotiate in good faith his compensation with Defendants for the commercial exploitation of Plaintiff's Rights in Defendants' advertising campaign throughout the United States and internationally.

35. Upon information and belief, the Advertisement became globally available through the internet, other social media platforms and the websites of major national department stores.

36. In April 2022, Plaintiff, through his counsel, made clear that Defendants did not have Plaintiff's consent and authorization to use Plaintiff's Rights, and demanded that Defendants take down the Advertisement and cease any unlawful use of Plaintiff's Rights.

37. Defendants refused to negotiate in good faith and ignored Plaintiff's request for fair and just compensation for the exploitation of Plaintiff's Publicity Rights by Defendants for their major national and international advertisement campaign and promotion of their business and products.

38. To date, Defendants have failed to compensate Plaintiff for Caswell-Massey's unauthorized use of Plaintiff's Rights in a commercial campaign of this magnitude.

## FIRST CAUSE OF ACTION
## VIOLATION OF CAL. CIV. CODE § 3344
### (Against All Defendants)

39. Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. As set forth herein, Defendants have violated Cal. Civ. Code § 3344 by violating Plaintiff's rights of publicity, misappropriating Plaintiff's Rights, and publishing them on Caswell-Massey website and related social media accounts and using them to advertise their products in major national department stores.

41. Plaintiff is the owner of all rights of publicity, including without limitation, in his image, likeness, and persona.

42.     At all relevant times, the Caswell-Massey website and social media accounts were used and operated by Defendants for advertising and trade purposes.

43.     Defendants have willfully and without authorization used in the Advertisement Plaintiff's image, likeness and persona for commercial purposes to advertise Caswell-Massey brand and promote the sale of Caswell-Massey products.

44.     Defendants' unauthorized uses of Plaintiff's image, likeness, and persona in the Advertisement constitute a commercial misappropriation in violation of section 3344 of the California Civil Code.

45.     The Caswell-Massey website and social media accounts, and the Advertisement were designed to attract business to Caswell-Massey and generate revenue for Defendants.

46.     Upon information and belief, Defendants' use of Plaintiff's Rights did in fact attract customers and generate revenue for Defendants.

47.     At no point did any Defendant ever receive permission or consent, be it written or otherwise, to use any Plaintiff's Rights in their advertisements.

48.     Defendants were at all relevant times aware that they never received Plaintiff's permission or consent to use Plaintiff's Rights on any website or social media account, or on any other medium, in order to promote Caswell-Massey products.

49.     At no point did Defendants ever compensate Plaintiff for their use of Plaintiff's Rights.

50.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

51.     Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

52. No applicable privilege or authorization exists for Defendants' use of Plaintiff's Rights.

53. Defendants' flagrant and substantial violations of the Plaintiff's right of publicity were a willful and intentional.

54. Defendants' actions as alleged above were malicious, oppressive and fraudulent, and done with the intent to injure Plaintiff, and with a willful and conscious disregard for Plaintiff's Rights. As a result, Plaintiff is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

55. Defendants' actions have further caused and will continue to cause irreparable injury to Plaintiff that cannot be remedied by an award of monetary damages alone. Plaintiff is therefore entitled to permanent injunctive relief preventing any further infringement of his respective rights of publicity.

56. In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendants' knowing and intentional violation of his statutory rights to publicity.

**SECOND CAUSE OF ACTION**
**VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**
**(Against All Defendants)**

57. Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58. Plaintiff is the owner of all rights of publicity, including without limitation, in his image, likeness, and persona.

59. Plaintiff has a property right in his image, likeness and persona, which he never agreed to license or transfer, in whole or in part, to Defendants for any purpose whatsoever.

60. Defendants have willfully and without Plaintiff's consent used in the Advertisement Plaintiff's likeness, image and persona for commercial purposes, to advertise their brand and promote the sale of Caswell-Massey products.

61. Defendants' unauthorized use of Plaintiff's Rights in the Advertisement constitute violations of California common law right of publicity.

62. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

63. Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendants' unauthorized use of Plaintiff's Rights, in an amount to be determined at trial.

64. Defendants' actions were malicious, oppressive and fraudulent, and indented to injure Plaintiff, and with willful and conscious disregard for Plaintiff's rights. Plaintiff is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter Defendants from engaging in such acts in the future.

65. Defendants' unauthorized use of Plaintiff's Rights directly and proximately caused and continue to irreparably injury to Plaintiff that cannot be remedied by an award of monetary damages alone. Plaintiff is therefore entitled to permanent injunctive relief preventing any further infringement of Plaintiff's rights of publicity.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Against All Defendants)

66. Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

67. In the alternative, by virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

68. Defendants' retention of monies gained through the deceptive business practices, acts of deceit, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## DEMAND FOR JURY TRIAL

69. Plaintiff, an individual, hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests Judgment in his favor and against Defendants as follows:

A. On the First and Second Causes of Action, for an award of compensatory damages in an amount to be proven at trial;

B. On the First and Second Causes of Action, for the disgorgement of Defendants' profits attributable to the infringement of Plaintiff's rights of publicity;

C. On the First and Second Causes of Action, for an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendants from engaging in such acts in the future;

D. On all Causes of Action, for a permanent injunction restraining and enjoining Defendants from using Plaintiff's publicity rights;

E. For pre-judgment and post-judgment interest at the maximum legal rate;

F. For Plaintiff's attorneys' fees and costs of suit; and

G. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    April 12, 2023                    Respectfully Submitted,

                                    **PARDALIS & NOHAVICKA, LLP**

                    By:    /s/Eleni Melekou_____
                            Eleni Melekou, Esq.
                            *Attorneys for Plaintiff*
                            950 Third Ave, 11th Floor
                            New York, New York 10022
                            T: (212) 213-8511
                            Eleni@pnlawyers.com