

April 26, 2023

**VIA ECF**
Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    *Tyler Prince Branch v. Caswell-Massey Holdings LLC, et al.*
              Civil Case No.: **1:22-cv-10146-PGG**

---

To the Honorable District Judge Gardephe,

      This office represents Plaintiff Tyler Prince Branch ("Plaintiff" or "Branch") in the above-referenced action. Please allow this letter to serve as Plaintiff's response to Defendants' letter, pursuant to Your Honor's individual practices, seeking a pre-motion conference regarding Defendants' motion to dismiss.

      This case is about the Defendants' violation of Plaintiff's rights of publicity. Defendants, and someone the Defendants concede was their employee, misled Plaintiff, a professional fitness and fashion model, and actor, into believing that a video recording made by Defendants' employee was for *potential* casting purposes to assess interest in collaboration between the parties. Without Plaintiff's authorization or consent, and without consideration, the Defendants used depictions of portions of the Plaintiff's face and body, that their employee filmed under the guise of "casting," in national and international promotional campaigns for their products. Plaintiff never consented to the Defendants' *use* of his image and likeness. Plaintiff never signed any waiver or licensing agreement with the Defendants. Moreover, after the Defendants violated Plaintiff's rights of publicity for their own commercial benefit, the Plaintiff requested payment and the Defendants refused to properly compensate him. Now, after obtaining the benefits of using Plaintiff's appearance and physique in marketing campaigns for their commercial benefit, the Defendants seek to evade the consequences of their unlawful actions by alleging that Plaintiff has no valid claims. They are wrong. It is respectfully submitted that the Court should deny any relief to the Defendants.

950 THIRD AVENUE, 11TH FLOOR, NEW YORK, NY 10022 | 35-10 BROADWAY, SUITE 201, ASTORIA, NY 11106
P: 212-213-8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com

1. **Defendants' Motion to Dismiss Under Rule 12(b)(6).**

The Defendants have not met the standards required to sustain a FRCP 12(b)(6) motion to dismiss Plaintiff's claims. Under FRCP 12(b)(6), a district court may dismiss a complaint only if a plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when, as here, the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Here, Defendants failed to identify any means by which Plaintiff's pleadings do not plausibly allege his claims. Likewise, no basis has been provided by the Defendants to deprive the Plaintiff of the reasonable inferences he is entitled to. Accordingly, it is respectfully submitted that the Court should deny Defendants' instant application.

I. **Violation of Plaintiff's Rights of Publicity.**

Plaintiff sufficiently pled a claim for violation of his publicity rights under California law. A federal court exercising diversity jurisdiction applies the choice of law rule of the forum state. *Id.* at 1001. "The New York Court of Appeals has stated that 'rights of publicity' claims are governed by the substantive law of the plaintiff's domicile because 'rights of publicity' constitute personality." *Id.* citing *Southeast Bank, N.A. v. Lawrence,* 66 N.Y.2d 910,489 N.E.2d 744 (1985). The courts of this Circuit have applied the law of Plaintiff's state with respect to his "right of publicity" claim. *See, e.g., Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) (holding that state right of publicity claim brought by plaintiff who was Oregon domiciliary in New York court was governed by Oregon law under New York choice of law rules, but, since there were no reported decisions of any Oregon court on right of publicity claim, federal court was required to anticipate how New York courts would predict that Oregon courts would rule as to the contours of right of publicity under Oregon law); *The Cousteau Soc'y, Inc. v. Cousteau*, 498 F. Supp. 3d 287, 318 (D. Conn. 2020) (the court applied the French law regarding Jacques-Yves Cousteau's post-mortem right of publicity because he was domiciled in France at the time of his death); *Rams v. Def Jam Recordings, Inc*., 202 F. Supp. 3d 376, 389 (S.D.N.Y. 2016) (this Court determined the interests of California and Denmark in having their respective laws governing rights of publicity enforced). Moreover, contrary to Defendants' assertions, Plaintiff is "readily identifiable" in Defendants' advertisements. In any event, the question of whether Plaintiff is "readily identifiable," or not, is a question of fact that should not be determined at this stage of litigation. A jury will plainly see that it is the Plaintiff depicted in the Defendants' commercial marketing campaign. And it is irrefutable that the Defendants never secured the Plaintiff's license, waiver or consent.

II. **Unjust Enrichment**

Under New York law, the elements of an unjust enrichment claim are that: "(1) the defendant benefited; (2) at the plaintiff's expense; and (3) equity and good conscience require restitution." *Federal Treasury Enter. Sojuzplodoimport v. Spirits Intern. N.V.,* 400 Fed. App'x 611, 613 (2d Cir.2010). Here, Plaintiffs has plausibly pled an unjust enrichment claim under New York

2

950 THIRD AVENUE, 11TH FLOOR, NEW YORK, NY 10022 |35-10 BROADWAY, SUITE 201, ASTORIA, NY 11106
P: 212-213-8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com

law by way of sufficient allegations that Defendants benefited from the unauthorized use of Plaintiff's publicity rights, at the Plaintiffs' expense and Defendants' unjust enrichment would be contrary to the interest of justice. The Defendants should not be permitted to have it both ways, namely, to dismiss both causes of actions for the violation of Plaintiff's rights of publicity *and* Plaintiff's unjust enrichment claim.

### 2. Dismissal Under Rule 12(b)(2)

Plaintiff cannot ascertain whether Defendants contentions about the purported lack of personal jurisdiction are true in the absence of discovery on the issue of personal jurisdiction over corporate Defendants. Undeniably, the corporate defendants are affiliated and united in interest. At this stage and in the absence of discovery, Plaintiff cannot confirm which Caswell-Massey entity is liable. Nevertheless, Caswell-Massey has significant business operations in New York. The Wikipedia page for Caswell-Massey explicitly states that the company has headquarters in New York City.[1] Moreover, alter ego jurisdiction can be used to obtain personal jurisdiction over a foreign parent that exercises control over affiliated entities within the forum, or a parent's contacts with a forum can be imputed to a subsidiary to obtain personal jurisdiction over that subsidiary. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 647 B.R. 42, 58 (Bankr. S.D.N.Y. 2022). Federal courts have also found that an individual shareholder's contacts can be imputed to an alter ego corporation. *Id.* Defendants offer nothing more than conclusory assertions that this Court cannot exercise personal jurisdiction over corporate defendants, when it is clear that Caswell-Massey has a subsidiary in the State of New York.[2]

### 3. The Venue is Proper

It is well-settled that a party requesting the transfer bears the burden of making a "strong case for transfer." *New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc.,* 599 F.3d 102, 113 (2d Cir. 2010). Here, Defendants have failed to demonstrate the need for or propriety of transfer in this case. First, Defendants fail to identify any documents, witnesses, sources of proof allegedly located in New Jersey. Second, Caswell-Massey solicits, markets and does business throughout the United States, within and about New York, including within the Southern District. Third, the locus of operative facts is not New Jersey. Furthermore, the convenience of the parties does not favor transfer when it would merely shift any inconvenience from defendant to plaintiff." *Kiss My Face Corp. v. Bunting*, 2003 WL 22244587, at *3 (S.D.N.Y. Sept. 30, 2003). Last, Plaintiffs' chosen forum should be afforded substantial deference. Therefore, for the reasons stated below, the Court should deny Defendants' application to file a motion to transfer.

### 4. The Court Has Subject Matter Jurisdiction

The fair value of Plaintiff's licensing fee is a question to be determined in the course of discovery. Moreover,

---

[1] https://en.wikipedia.org/wiki/Caswell-Massey
[2] https://apps.dos.ny.gov/publicInquiry/EntityListDisplay

950 Third Avenue, 11th Floor, New York, NY 10022 |35-10 Broadway, Suite 201, Astoria, NY 11106
P: 212-213-8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com

>[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, ... ***shall be liable for any damages*** sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the ***actual damages suffered*** by him or her as a result of the unauthorized use, ***and any profits from the unauthorized use*** that are attributable to the use and are not taken into account in computing the actual damages.

Cal. Civ. Code § 3344(a). Moreover, under California law, injury to plaintiff's right of publicity is not limited to present or future economic loss, but may include humiliation, embarrassment, and mental distress. *Abdul-Jabbar v. Gen. Motors Corp.,* 85 F.3d 407 (9th Cir. 1996). Therefore, the amount in controversy will be determined at trial, but it is not less than $75,000.

It is therefore respectfully submitted that the Court must deny Defendants' request for leave to file a motion to dismiss.

We Thank the Court for its Time and Consideration of this matter.

Respectfully submitted,<br>
**PARDALIS & NOHAVICKA, LLP**<br>
<br>
By: /s/Eleni Melekou<br>
Eleni Melekou, Esq.

4

950 THIRD AVENUE, 11TH FLOOR, NEW YORK, NY 10022 |35-10 BROADWAY, SUITE 201, ASTORIA, NY 11106
P: 212-213-8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com